IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESUS GONZALEZ, <br><br> Defendant. | 8:16CR64 <br><br> ORDER |

On March 10, 2017, Jesus Gonzalez ("Gonzalez") pled guilty pursuant to a written plea agreement to distributing 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 United States Code § 841(a)(1) and (b)(1). Gonzalez's plea agreement with the government, which the Court accepted at sentencing, limited his rights to appeal and collaterally attack his conviction and sentence.

Before sentencing, Gonzalez, through counsel, moved for "a deviation or variance from a strict application of the [United States Sentencing Guidelines ("Guidelines")] to allow the Court to apply the five year mandatory minimum sentence." Granting in part Gonzalez's motion for a downward variance over the government's objection, the Court sentenced him to seventy-two months imprisonment followed by five years of supervised release based on Gonzalez's relative lack of criminal history. Gonzalez did not appeal.

On April 16, 2018, Gonzalez, proceeding pro se, filed the present Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 103). Gonzalez asserts three main grounds for relief: his counsel (1) was ineffective in contesting the drug quantity attributed to him; (2) made no effort to get safety-valve relief under 18 U.S.C. § 3553(f); and (3) failed to pursue a role reduction under the Guidelines. Gonzalez also asserts his counsel was ineffective for failing to raise these issues on appeal. He now asks for resentencing.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must complete a preliminary review of Gonzalez's § 2255 motion and order the United States Attorney to respond (or take other appropriate action), unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." The Court has completed its preliminary review of Gonzalez's motion and concludes summary dismissal is not warranted. The United States Attorney must file an answer or otherwise respond to Gonzalez's motion on or before May 23, 2018.

IT IS SO ORDERED.

Dated this 24th day of April, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge